UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
LUZ TARAZONA,                                    :

                                Plaintiff,        :

                        -against-                 :

ROTANA CAFE & RESTAURANT INC., d/b/a :
AFTER 8 CAFÉ LOUNGE and ATEF       :
ELAKHRAS,                                :

                             Defendants.    :
------------------------------------------------------------- x

**MEMORANDUM AND ORDER**

16-cv-76 (PK)

**Peggy Kuo, United States Magistrate Judge:**

Plaintiff Luz Tarazona ("Plaintiff") brought this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207, 216(b), the New York Labor Law ("NYLL") §§ 650 *et seq.* and 12 N.Y.C.R.R. §§ 142-2.2, 142-2.4 against Defendants Rotana Cafe & Restaurant Inc. d/b/a After 8 Café Lounge ("After 8") and Atef Elakhras ("Elakhras").

Before the Court is Plaintiff's motion for attorneys' fees. (*See* First Motion for Attorney Fees, the "Motion," Dkt. 26.) For the reasons discussed below, the Court grants the Motion and awards Plaintiff $34,365.00 in attorneys' fees and $1,915.00 in costs, for a total of $36,280.00.

## PROCEDURAL HISTORY

The Court presumes familiarity with the underlying facts in this case. After a bench trial, the Court held Defendants liable on Plaintiff's unpaid minimum wage, spread of hours, and wage notice claims, awarding damages and post-judgment interest. (*See* Memorandum and Opinion, Dkt. 24.) The Court also granted Plaintiff leave to seek attorneys' fees and costs. Defendants have not opposed the Motion.

## DISCUSSION

The Court is authorized to award reasonable attorneys' fees pursuant to both the FLSA and NYLL. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law § 198(1-a).

1

I.     **Attorneys' Fees**

The attorneys' fees and costs awarded to Plaintiff by the Court must be "reasonable." *See Riley v. City of New York*, No. 10-CV-2513 (MKB), 2015 WL 9592518, at *1 (E.D.N.Y. Dec. 31, 2015). "[T]he lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a presumptively reasonable fee." *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011); *see also Scharff v. Cty. of Nassau*, No. 10-CV-4208 (DRH)(GRB), 2016 WL 3166848, at *3 (E.D.N.Y. May 20, 2016), *R&R adopted*, 2016 WL 3172798 (E.D.N.Y. June 6, 2016); *Riley*, 2015 WL 9592518, at *1. To calculate the lodestar, the Court determines a reasonable hourly rate and a reasonable number of hours. "District courts have broad discretion to determine both the reasonable number of compensable hours and the reasonable hourly rate." *Brady v. Wal-Mart Stores, Inc.*, 455 F. Supp. 2d 157, 203 (E.D.N.Y. 2006). The party applying for fees must provide contemporaneous time sheets to document counsel's work, and must support the hourly rates it claims with, for example, evidence of counsel's expertise and prevailing market rates. *See Riley*, 2015 WL 9592518, at *1.

Here, Plaintiff has supplied counsel's professional biographical details (Declaration of William Cafaro, "Cafaro Decl.," Dkt. 26), evidence of prevailing market rates (Memorandum of Law, Dkt. 26-1), attorney time sheets (Ex. 2, Dkt. 26-3), and supporting documentation of costs (Ex. 3, Dkt. 26-4; Ex. 4, Dkt. 26-5).

A.     *Hourly Rate*

To determine a reasonable hourly rate, the district court considers "rates prevailing in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation." *Cruz v. Local Union No. 3 of IBEW*, 34 F.3d 1148, 1159 (2d Cir. 1994). The "community" is the district in which the reviewing court sits. *Scharff*, 2016 WL 3166848, at *4 (internal quotations and brackets omitted). "The reasonable hourly rate is the rate a paying client would be willing to

2

pay…bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). The district court must also "bear in mind *all* of the case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of attorneys' fees in setting a reasonable hourly rate." *Id.* at 190 (emphasis in the original). Those factors include the attorneys' experience and expertise and the overall success achieved in the case. *See Brady*, 455 F. Supp. 2d at 204; *Chen v. Cty. of Suffolk*, 927 F. Supp. 2d 58, 71 (E.D.N.Y. 2013). The fee applicant has the burden of justifying the requested rate as reasonable. *See Scharff*, 2016 WL 3166848, at *4. In recent years, fees have been awarded in the Eastern District of New York at an hourly rate of $300 to $400 for partners and $200 to $300 for senior associates in FLSA cases. *See Marshall v. Deutsche Post DHL*, No. 13-CV-1471 (RJD)(JO), 2015 WL 5560541, at *9 (E.D.N.Y. Sept. 21, 2015) (collecting cases). The rates for paralegals in the Eastern District range from $70 to $80 an hour. *Id.*

Plaintiff was represented in this action by attorneys William Cafaro and Amit Kumar, who were assisted by paralegals Nicholas Duran and Odaris Palacios.

Cafaro is the principal of the Law Offices of William Cafaro, a boutique law firm located in New York, New York. (Cafaro Decl. ¶¶ 1, 3.) He was admitted to practice in New York in 1981 and served as an Assistant District Attorney prior to establishing his private practice in 1986. (*Id.* ¶¶ 4-5.) His firm has filed over 400 FLSA and NYLL suits since 2009. (*Id.* ¶ 6.) Cafaro belongs to the National Employment Lawyers Association and speaks fluent Spanish, facilitating his representation of Spanish-speaking clients. (*Id.* ¶ 7.) He requests an hourly rate of $400, which has been previously approved in both the Eastern and Southern Districts of New York. *See, e.g., Flores v. Food Exrpess Rego Park, Inc.*, 2016 WL 386042, at *4 (E.D.N.Y. Feb. 1, 2016); *Cajamarca v. Yerina Rest. Corp.*, 2016 U.S. Dist. LEXIS 102686, at *6 (S.D.N.Y. Aug. 4, 2016).

Kumar graduated law school in 2012 and subsequently joined the Law Offices of William Cafaro, where his practice focuses on employment law. (Cafaro Decl. ¶¶ 12, 13, 15.) He has first and second-chaired several trials successfully. (*Id.* ¶ 16.) Kumar was listed on the 2017 New York Super Lawyer's Rising Star List. (*Id.* ¶ 17.) He requests an hourly rate of $250, which has been reduced in the Eastern District to $200. *See Flores*, 2016 WL 386042, at *3.

Palacios has worked as a paralegal at the Law Offices of William Cafaro since 2011. (Cafaro Decl. ¶¶ 29-32.) She requests an hourly rate of $75. Duran has worked as a paralegal at the Law Offices of William Cafaro since 2007. (*Id.* ¶¶ 23-26.) He requests an hourly rate of $125. While courts in the Eastern District have on occasion awarded an hourly paralegal rate above the typical range, it was for the performance of "substantial legal work including, but not limited to, drafting, discovery requests/responses, correspondence, helping prepare pre-trial orders, preparation of trial exhibits, as well as other paraprofessional responsibilities." *See Monette v. Cty. of Nassau*, 2016 WL 4145798, at *6 (E.D.N.Y. Aug. 4, 2016) (awarding paralegal $100 hourly rate). The timesheets do not show that Duran performed substantial legal work warranting a rate above the range in this District. (*See* Ex. 2.)

The Court finds Cafaro and Palacios's requested rates reasonable, and reduces Kumar's rate to $200 an hour and Duran's rate to $75 an hour.

B.   *Hours Billed*

"[T]he district court should exclude excessive, redundant or otherwise unnecessary hours…." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999). Here, Plaintiff's contemporaneous time records show a reasonable amount of time expended on each task. Counsel did not bill for administrative tasks or engage in "block billing." The respective time entries do not overlap or otherwise suggest redundancy.

The Court declines to reduce counsel's billed hours.

**II.     Costs**

Plaintiff also seeks an award of costs for $1,915.00.  Counsel has provided account records documenting the costs.  (*See* Exs. 3, 4.)

The Court awards the requested costs for the filing fee ($400.00), service of process ($100.00), deposition transcripts ($815.00), and a Spanish language translator for trial ($600.00) in the requested total of $1,915.00.

## **CONCLUSION**

Based on the foregoing, the Court grants Plaintiff's fee application and awards Plaintiff $34,365.00 in attorneys' fees and $1,915.00 in costs, for a total of $36,280.00.


Dated:  Brooklyn, New York
              June 27, 2017

                                            **SO ORDERED:**

                                            *Peggy Kuo*

                                            PEGGY KUO
                                            United States Magistrate Judge